IRAKLI KARBELASHVILI, Esq. (SBN 302971)
ALLACCESS LAW GROUP
1400 Coleman Ave., Ste F28
Santa Clara, CA 95050
Telephone: (408) 295-0137
Fax: (408) 295-0142
irakli@allaccesslawgroup.com

Attorneys for Plaintiff JAMES ALGER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALGER,<br><br>              Plaintiff,<br><br>     v.<br><br>MISSION HILL CREAMERY, INC.; and 1101 PACIFIC, LLC,<br><br>              Defendants. | **Case No.** 26-cv-808<br><br>*Civil Rights*<br><br>**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF, AND DAMAGES:**<br><br>1. Violation of Title III of the Americans with Disabilities Act<br><br>2. Violation of the California Unruh Civil Rights Act<br><br>3. Violation of the California Disabled Persons Act<br><br>**DEMAND FOR JURY TRIAL** |

JAMES ALGER ("Plaintiff") complains of MISSION HILL CREAMERY, INC.; and 1101 PACIFIC, LLC ("Defendants"), as follows:

## INTRODUCTION

1.  This case arises from Defendants' failure to provide legally required accessible facilities

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
1

at Mission Hill Coffee & Creamery, located at 1101 Pacific Avenue, Santa Cruz, California (hereinafter, "Mission Hill Creamery"). Plaintiff is an individual with physical disabilities who depends on a wheelchair or mobility scooter for mobility. In November 2025, Plaintiff attempted to access and dine at the establishment but was confronted with accessibility barriers that prevented him from full and equal use of the property.

2. Defendants' actions and omissions denied Plaintiff access and constitute ongoing violations of federal and California disability access laws. As a result, Plaintiff seeks injunctive relief compelling Defendants to remove the unlawful barriers and bring the property into full compliance with applicable accessibility standards. Plaintiff also seeks damages for discrimination and denial of access, as well as attorney's fees, litigation expenses, and costs as permitted by law.

**JURISDICTION**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of federal law and supplemental jurisdiction for claims brought under parallel California law, arising from the same nucleus of operative facts pursuant to 28 U.S.C. § 1367.

**VENUE**

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b). The real property which is the subject of this action is in this district, and Plaintiff's causes of action arose in this district.

5. Intradistrict Assignment: This case should be assigned to the San Jose intradistrict because Plaintiff's claims arose in Santa Cruz County and the subject premises are located in Santa Cruz County.

**PARTIES**

6. At all times relevant to this Complaint, Plaintiff is and was a "person with a disability" within the meaning of the ADA and California law. Plaintiff is afflicted with progressive peripheral neuropathy, a physical impairment that damages the peripheral nerves. As a result, he experiences profound and progressive weakness and numbness in his hands, arms, legs, and feet, which substantially limits major life activities such as walking and performing tasks that require

fine motor control. Plaintiff relies on a wheelchair or a scooter for mobility. Plaintiff is a resident of Porter Ranch, California.

7. Defendants are and at all relevant times were the owners, operators, lessors, and/or lessees of the subject business, property, and buildings at all times relevant to this Complaint.

8. Plaintiff is informed and believes, and on such information alleges, that at all times mentioned here, Defendants, and each of them, were the agents, servants, employees, and representatives of each of the other Defendants, and performed all acts and omissions stated here within the scope of such agency or employment or representative capacity, and/or as part of a joint venture and common enterprise with one or more of the other Defendants, and are responsible in some manner for the acts and omissions of the other Defendants in proximately causing the injuries complained of here. All actions alleged here were done with the knowledge, consent, approval, and ratification of each of Defendants here, including their managing agents, owners, and representatives.

**FACTUAL ALLEGATIONS**

9. Mission Hill Creamery is a facility open to the public, a place of public accommodation, and a business establishment. 42 U.S.C. § 12181(7); California Civil Code §§ 51 *et seq*.

10. In November 2025, Plaintiff was in San Francisco Bay Area. After spending time in San Francisco, where he holds an annual membership at the California Academy of Sciences, Plaintiff traveled south to Santa Cruz and went to the Pacific Avenue area to shop for Christmas gifts.

11. While on Pacific Avenue, Plaintiff attempted to dine at Mission Hill Creamery before continuing his day; however, Defendants failed to provide any accessible seating. Although the establishment offered both interior and exterior table seating, none of the tables had adequate depth to allow Plaintiff to properly position his mobility scooter and use the tables. Interior counter seating was likewise inaccessible because the counter was too high. As a result, Plaintiff was forced to maneuver through the premises without a place to sit, in view of other patrons, drawing attention to his disability and causing Plaintiff embarrassment. Although Plaintiff was

able to make a purchase, he was unable to dine at the establishment and was denied full and equal access to Defendants' goods and services.

12. Prior to initiating this action, Plaintiff's counsel retained a Certified Access Specialist ("CASp") to evaluate the subject property. Based on that evaluation, and upon information and belief, the CASp confirmed the presence of the barriers encountered by Plaintiff and identified the following additional barriers affecting individuals with disabilities, including Plaintiff:

1) Restroom door opening force exceeds 5 pounds.
2) Rear grab bar in restroom is not centered/extended 12" min to one side and 24" min to the other side of the WC centerline.
3) Toilet paper dispenser centerline is not within 7" min to 9" max in front of the WC (and/or outlet location not compliant).
4) Trash can in restroom uses a foot-operated mechanism and is positioned such that it is not usable within required reach/operable-part criteria.
5) Paper towel dispenser is located within the required WC clear floor/clearance area where it is not permitted.
6) Accessory encroaches into required WC clearance beyond what is permitted.
7) Mirror reflecting surface in restroom is too high.
8) Soap dispenser is outside allowable reach range.
9) Furniture blocks the required clear floor space at the sink/lavatory.
10) Furniture in restroom encroaches into required pull-side maneuvering clearance (e.g., 18" latch clearance and required depth).
11) Side wall grab bar in restroom is not located per the required distance from the rear wall.
12) Outside bench missing 30" x 48" Clear Space at End (Transfer Space).

13. Although Plaintiff is deterred from returned to and dining at the subject premises, he will return as a paying customer if the establishment is made accessible.

14. These individual barriers to access are listed without prejudice to Plaintiff citing

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
4

additional barriers to access after a detailed inspection by Plaintiff's accessibility expert.

## FIRST CLAIM:

## VIOLATION OF THE ADA, TITLE III

### [42 U.S.C. §§ 12101 et seq.]

15. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them here as if separately repled.

16. At all times relevant to this action, Title III of the ADA has been in full force and effect and has applied to Defendants' conduct.

17. Plaintiff is a "qualified individual with a disability" for purposes of § 12188(a) of the ADA who is being subjected to discrimination based on disability in violation of Title III and who has reasonable grounds for believing he will be subjected to discrimination each time that he may attempt to use the subject facilities. Plaintiff has impairments that substantially limit one or more major life activities.

18. "Private entities" that are "public accommodations" under the ADA include a "a restaurant, bar, or other establishment serving food or drink;" such as Mission Hill Creamery. 42 U.S.C. § 12181(7)

19. Defendants have discriminated against Plaintiff in violation of Title III of the ADA by the following (without limitation): (a) providing benefits that are unequal to that afforded to people without disabilities by not providing accessible features; (b) failing to make reasonable modifications in policies, practices, or procedures (at Mission Hill Creamery) when such modifications are necessary to afford, and would not fundamentally alter the nature of, the goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities; (c) failing to construct Mission Hill Creamery in compliance with applicable federal standards for accessibility; (d) failing to remove architectural barriers that are structural in existing facilities where such removal is readily achievable; and (e) where Defendants can demonstrate the removal of architectural barriers is not readily achievable, failing to make the goods, services, facilities, privileges, advantages, or accommodations available through

alternative methods if such methods are readily achievable.

20. Plaintiff alleges, based on publicly available information, that the subject premises were constructed in or around 1999. As a result, the "readily achievable" standard is inapplicable. At the time of construction, the subject premises were required to comply with the 1991 ADA Standards for Accessible Design. As alleged herein, the subject premises fail to comply with those standards.

21. Further, upon information and belief, and based on publicly available information, the subject premises were altered after March 15, 2012. Accordingly, the altered areas were required to comply with the 2010 ADA Standards for Accessible Design. The altered areas do not comply with those standards.

22. Even assuming that the readily achievable standard was applicable to the subject premises, removal of the foregoing barriers is readily achievable within the meaning of the ADA. The identified barriers involve minor adjustments, repositioning, replacement of fixtures or furnishings, and simple modifications that are low in cost, do not require structural alteration, and can be completed quickly without disrupting Defendants' operations. These measures include, but are not limited to, relocating furniture and accessories, adjusting mounting heights and locations of dispensers and mirrors, replacing noncompliant hardware, and providing accessible seating with adequate depth, proper height, and clear floor space. The cost of removing these barriers is minimal when compared to the substantial benefits gained, including providing individuals with disabilities, such as Plaintiff, full and equal access to Defendants' goods and services. Defendants operate a public accommodation and possess the financial and operational capacity to implement these changes. Accordingly, barrier removal is readily achievable because the benefits of removal significantly exceed the associated costs.

23. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 CFR Part 36 *et seq*.

24. On information and belief, Defendants have continued to violate the law. If Defendants do not make necessary accessibility improvements, Plaintiff will be harmed again.

25. Also, on information and belief, Defendants could have but did not avail themselves of

the tax deduction and tax credits provided by Internal Revenue Code §§ 44 and 190, which apply to the costs of barrier removal.

26.   Pursuant to section 42 U.S.C. 12188, Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of disability in violation of the ADA or has reasonable grounds for believing that he is about to be subjected to discrimination.

WHEREFORE, Plaintiff requests relief as outlined below.

## SECOND CLAIM:

## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

[Cal. Civil Code §§ 51 et seq.]

**(Against all Defendants and each of them)**

27.   Plaintiff repleads and incorporates by reference, as if fully set forth again here, the allegations contained in all paragraphs of this Complaint and incorporates them here by reference as if separately repled hereafter.

28.   Mission Hill Creamery is a business establishment within the meaning of the Unruh Act.

29.   Defendants are the owners and/or operators of a business establishment.

30.   Defendants violated the Unruh Act by their acts and omissions as follows: (1) failing to construct or alter Mission Hill Creamery in compliance with state building code and state architectural requirements ("CBC"); (2) failing to remove known barriers to access at Mission Hill Creamery; (3) failing to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Mission Hill Creamery; (4) failing to maintain accessible features; and (5) violating the ADA, a violation of which is a violation of the Unruh Act. Cal. Civil Code § 51(f).

31.   Plaintiff has experienced barriers to access at Mission Hill Creamery, all of which have caused him difficulty, discomfort, and/or embarrassment.

32.   On information and belief, Mission Hill Creamery is also inaccessible in multiple other respects. As noted above, the barriers to access described in this Complaint are listed without

1  prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access
2  consultant(s)/expert(s).

3  33.     These barriers to access render Mission Hill Creamery inaccessible to and unusable by
4  persons with mobility disabilities. All facilities must be brought into compliance with all
5  applicable federal and state code requirements, according to proof. Plaintiff prays for leave to
6  amend this Complaint, if necessary, to obtain full injunctive relief as to barriers that limit or deny
7  full and equal access to persons with similar mobility disabilities.

8  34.     Each violation of the ADA constitutes a separate violation of California Civil Code § 51(f),
9  thus independently justifying an award of damages and injunctive relief under California law,
10 including, but not limited to, Civil Code § 52(a).

11 35.     On information and belief, the access features of Mission Hill Creamery have not been
12 improved since Plaintiff's visit there. Plaintiff's injuries are ongoing so long as Defendants do not
13 modify their policies and procedures and provide fully accessible facilities for Plaintiff and other
14 persons with similar mobility disabilities.

15 36.     At all times mentioned, Defendants knew, or in the exercise of reasonable diligence should
16 have known, that barriers, policies and practices at its facilities violated disabled access
17 requirements and standards and had a discriminatory impact upon Plaintiff and upon other persons
18 with similar mobility disabilities, but Defendants failed to rectify the violations, and presently
19 continues a course of conduct in maintaining barriers that discriminate against Plaintiff and
20 similarly situated disabled persons.

21 37.     Based on Defendants' violations of the Unruh Act, Plaintiff seeks and is entitled to
22 damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Plaintiff
23 is also entitled to injunctive relief and reasonable attorneys' fees, and costs.

24         WHEREFORE, Plaintiff requests relief as outlined below.

25                                  **THIRD CLAIM:**
26              **VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT**
27                              **[Cal. Civil Code §§ 54 *et seq.*]**

**(Against all Defendants and each of them)**

38. Plaintiff repleads and incorporates by reference, as if fully set forth hereafter, the allegations contained in all paragraphs of this Complaint and incorporates them herein as if separately repled.

39. Mission Hill Creamery is a place of public accommodation and/or places to which the public is invited and, as such, they must comply with the provisions of the DPA, California Civil Code § 54 *et seq*.

40. The DPA guarantees, among other things, that persons with disabilities have the same right as the public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, public facilities, and other public places. California Civil Code § 54.

41. The DPA also guarantees, among other things, that persons with disabilities have a right to full and equal access, as other members of the public, to accommodations, advantages, facilities, and privileges of covered entities. California Civil Code § 54.1(a) (1).

42. The DPA also provides that a violation of the ADA is *a per se* violation of the DPA, California Civil Code § 54.1(d).

43. Defendants have violated the DPA by, among other things, denying and/or interfering with Plaintiff right to full and equal access as other members of the public to the accommodations, advantages, and its related facilities due to his disability, including, but not limited to the following: (1) failing to construct or alter Mission Hill Creamery in compliance with the CBC; (2) failing to remove known barriers to access at Mission Hill Creamery; (3) failing to modify policies and procedures as necessary to ensure Plaintiff full and equal access to the accommodations, advantages, facilities, privileges, or services of Mission Hill Creamery; (4) failing to maintain accessible features; and (5) violating the ADA, a violation of which is a violation of the DPA. Cal. Civil Code § 54.1(d).

44. Based on Defendants' violations of the DPA, Plaintiff seeks and is entitled to damages for each incident that caused Plaintiff difficulty, discomfort, and embarrassment. Plaintiff is also entitled to his reasonable attorneys' fees, and costs.

WHEREFORE, Plaintiff requests relief as outlined below.[1]

**PRAYER FOR RELIEF:**

1.   Plaintiff has no adequate remedy at law to redress the wrongs suffered as explained in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendants as alleged here, unless Plaintiff is granted the relief he requests. Plaintiff and Defendants have an actual controversy and opposing legal positions as to Defendants' violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

2.   Plaintiff requests a declaratory judgment that Defendants' actions, omissions, and failures—including, but not limited to, failing to remove existing architectural barriers at Mission Hill Creamery to make it "accessible to and useable by" mobility disabled persons; failing to construct and/or alter Mission Hill Creamery in compliance with federal and state access standards; and failing to make reasonable modifications in policy and practice for Plaintiff and other persons with similar mobility disabilities.

3.   Plaintiff requests that the Court issue an order enjoining Defendants, their agents, officials, employees, and all persons and entities acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;
   b.  To provide reasonable accommodation for persons with disabilities at Mission Hill Creamery;
   c. To ensure that persons with disabilities are not denied equal benefits at Mission Hill Creamery;
   d. To modify the above-described facilities to provide full and equal access to persons with mobility disabilities, including, without limitation, the removal of all

---

[1] Plaintiff does not seek injunctive relief or any other relief under Cal. Civ. Code § 55.

barriers to access where "readily achievable;"

  e. To maintain such accessible facilities once they are provided;

  f. To train Defendants' employees and agents in how to accommodate the rights and needs of physically disabled persons at Mission Hill Creamery; and

  g. To implement nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities at the facilities.

4. Plaintiff requests that the Court retain jurisdiction over Defendants until the Court is satisfied that Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible public facilities as complained of here no longer occur, and cannot recur;

5. Award to Plaintiff all appropriate damages, including, but not limited to, statutory damages, in amounts within the jurisdiction of this Court, all according to proof;

6. Plaintiff requests all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding;

7. Plaintiff requests prejudgment interest under California Civil Code § 3291;

8. Plaintiff requests interest on monetary awards as permitted by law; and

9. Plaintiff requests any other relief that this Court may deem just and proper.

Date: January 25, 2026           ALLACCESS LAW GROUP

                     */s/ Irakli Karbelashvili*
                     By IRAKLI KARBELASHVILI, Esq.
                     Attorney for Plaintiff
                     JAMES ALGER

**JURY DEMAND**

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: January 25, 2026                              ALLACCESS LAW GROUP

*/s/ Irakli Karbelashvili*
By IRAKLI KARBELASHVILI, Esq.
Attorney for Plaintiff
JAMES ALGER

COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES
12